**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRAD DAVIS PLAINTIFF
*On behalf of* ANDREA DAVIS

4:25-cv-01318-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Brad Davis, on behalf of his spouse, Andrea Davis, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs, (Docs. No. 5, 11), and Plaintiff replied to Defendant's brief. (Doc. No. 14.) So, this case is ready for a decision.

The court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

This is Plaintiff's second appeal to the United States District Court. Earlier, an ALJ issued a partially favorable decision finding Ms. Davis disabled from March 1, 2022, through November 29, 2022. (Tr. 21-38.) Plaintiff appealed that decision to this Court, arguing she became disabled earlier. As that case proceeded, the Commissioner filed an unopposed motion to remand, pursuant to sentence four of 42 U.S.C. §405(g), and that motion was granted. (Tr. 3801-3807.) An ALJ held a second administrative hearing and again found Plaintiff was disabled as of March 1, 2022, through November 29, 2022, the date of Ms. Davis's death. (Tr. 3701-3716.) From that decision, Plaintiff again appeals. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty years old when she passed away.[1] (Tr. 3736.) She was a college

[1] I offer my deepest sympathies to Mr. Davis.

graduate (Tr. 3737) and had no past relevant work. (Tr. 3714.)

The ALJ[2] found Ms. Davis had not engaged in substantial gainful activity since June 7, 2018 - the alleged onset date. (Tr. 3703.) She had "severe" impairments in the form of "degenerative joint disease with avascular necrosis of the left hip, liver failure status post dialysis, heart failure, fibromyalgia, right knee and fibula fracture status post repair, right ankle tibia and fibular shaft fracture status post repair and subsequent hardware removal, left fibular fracture with septic shock, complex regional pain syndrome, mini strokes, anxiety disorder, mood disorder, neurocognitive disorder, post-traumatic stress disorder (PTSD), seizure disorder, chronic renal insufficiency status post dialysis, and obesity." (Tr. 3704.) The ALJ further found Ms. Davis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 3704-3707.)

The ALJ determined Ms. Davis had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her impairments. (Tr. 3708.) Because Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could have performed despite her impairments. Based in part on the testimony of the VE, (Tr. 3753-3760), the ALJ determined she could have performed the jobs of circuit board screener and clerical sorter. (Tr. 3715.) Accordingly, the ALJ determined Ms.

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Davis was not disabled prior to March 1, 2022. (Tr. 3716.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 3692-3697.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of her Complaint, Plaintiff argues that the VE "offered false testimony." (Doc. No. 5 at 4-6.) Plaintiff says:

> The VE testified that the occupation of clerical sorter is SVP 2 unskilled work (Tr. 3754). The VE later again specifically confirmed that this occupation is SVP 2 and unskilled (Tr. 3759). The VE explicitly confirmed that her testimony was consistent with the DOT (Tr. 3755). However, the simple fact of the matter is that the VE's testimony was false. The occupation of clerical sorter is actually an SVP 3 semi-skilled occupation. DOT, 209.687-022. False testimony cannot serve to meet SSA's step 5 burden.

(*Id.* at 5.)

As an initial matter, this argument only applies to the job of clerical sorter. The ALJ also found Plaintiff could also perform the job of board screener. (Tr. 3715.) While Plaintiff complains that the low number of board screener jobs available fails to meet the Commissioner's Step 5 burden, she provides no persuasive authority in support of this argument. (Doc. No. 5 at 6.)

About the job of clerical sorter, I have carefully reviewed the VE's testimony in this case. (Tr. 3753-3760.) Plaintiff's argument is not well taken. While the VE incorrectly reported that the job of clerical sorter has a specific vocational preparation (SVP) level of 2, (Tr. 3754), Plaintiff grossly overstates his case by claiming she "offered false testimony." At most, she made a mistake and it was harmless error.

I agree with the Commissioner's response that:

> The vocational expert only identified jobs at the unskilled level (Tr. 3755-3756, 3759). There are certainly office clerk jobs that are performed at the semi-skilled and even skilled level. But the expert used the Occupational Requirements Survey

> with recent data from 2023 to look at the job requirements for office clerk jobs and what percentage of those jobs met those requirements (Tr. 3755-3757). And the vocational expert reduced the job numbers from the entire SOC, which included jobs demanding abilities, to the percentage of office clerk jobs that are unskilled (Tr. 3755-3756, 3759). The vocational expert did not estimate job numbers by the DOT and instead relied on other vocational resources, namely the Occupational Requirements Survey, to identify jobs matching Plaintiff's workplace abilities (Tr. 3755-3756, 3759). This is why the agency rescinded and replaced SSR 00-4p—to allow vocational expert's greater latitude in relying on current vocational resources structured differently than the DOT. SSR 24-3p, 2024 WL 5256890, at *3.

(Doc. No. 11 at 10.)

The ALJ found that Plaintiff was capable of using "judgment to make simple work-related decisions, maintain[] concentration, persistence, and pace for simple tasks, [could] underst[and], carr[y] out and remember[] simple work instructions and procedures, adapt[] to changes in the work setting that were simple, predictable, and easily explained, and tolerate[] occasional interaction with coworkers, supervisors, and the public." (Tr. 3708.) So, the important question is whether Ms. Davis had the mental ability to perform the job of clerical sorter. The Dictionary of Occupational Titles (DOT) describes the job of clerical sorter as follows:

> Sorts data, such as forms, correspondence, checks, receipts, bills, and sales tickets, into specified sequence or grouping, such as by address, code, quantity, and class, for such purposes as filing, mailing, copying, or preparing records. May be designated according to work performed as Bill Sorter (clerical); Sales-Slip Sorter (clerical).

(*DOT* 209.687-022).

The DOT assigns a Specific Vocational Preparation ("SVP") Level Three to this job. Level Three is defined as "Over 1 month up to and including 3 months."

The DOT also has six Reasoning Levels, and the level assigned to the job of clerical sorter is Level Two. Level Two requires an employee to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few

concrete variables in or from standardized situations." Dictionary of Occupational Titles Appendix; Components of the Definitional Trailer. Based on Plaintiff's RFC, substantial evidence supports the ALJ's decision here.

Additionally, I am persuaded by the United States Court of Appeals for the Seventh Circuit's holding that "the ALJ is better suited than [the courts] to unpack and untangle objections and concerns regarding the VE's methodology in the first instance." *Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023). Just as in *Leisgang*, Plaintiff's counsel made no objection to the VE's qualifications and raised no issue about the VE's misstatement that the job of clerical sorter had an SVP of 2. And any attempt by counsel to discredit the VE's analysis failed. (Tr. 3756-3759.) Accordingly, I find no error here.

Likewise, Plaintiff's Reply Brief argument that "All Arguments SSA Failed to Raise in Its Opening Brief Have Been Forfeited" is without merit. (Doc. No. 14 at 1-6.) Plaintiff, *inter alia*[4], says:

> In her opening brief, Plaintiff specifically argued that EM-21065 REV2 (C)(1) includes a provision precluding any reliance upon O*Net [Occupational Information Network] in SSA's disability adjudication process (Pl.'s Br. 20). Yet the VE had admitted that her testimony was at least partially based on O*Net's crosswalk feature for DOT codes (Tr. 3756; Pl.'s Br. 20). Thus, the VE's testimony was improperly based in part upon considerations which Agency policy prohibits (Pl.'s Br. 20). EM-21065 REV2 (C)(1). SSA never responds to this argument even indirectly (SSA Br. 1-20).

(*Id.* at 1-2.)

I have carefully considered Plaintiff's argument, and I fail to see her point. The VE

[4] I use the term *inter alia* to reflect that Plaintiff has made numerous arguments within arguments. I have genuinely considered Plaintiff's Brief and have tried diligently to address all of Plaintiff's arguments. But I realize – like the Commissioner's response Brief – I am simply unable to address all of Plaintiff's points in this Recommendation.

testified she relied upon "the BLS [Bureau of Labor Statistics] resources, including OEWS [Occupational Employment and Wage Statistics], and that's where those SOC [Standard Occupational Classification] codes are, ORS [Occupational Requirements Survey], the U.S. Census Bureau, the DOT [Dictionary of Occupational Titles], and then also supplemented with my professional experience." (Tr. 3576.) Plaintiff argues that the VE testified she "at least partially based on O*Net's crosswalk feature for DOT codes" and her reliance was improper because Administration policy (EM-21065 REV2 (C)(1)) "prohibits" it. Again, Plaintiff overstates her case here. EM-21065 REV2 (C)(1) says, because "O*NET does not define physical exertion requirements in a way that is consistent with SSA regulations. . . the information in O*NET is not generally usable in our adjudication process." Based on the VE's testimony about the number of resources she relied upon, including her own professional experience, any error was minimal. Plaintiff makes a technical point without explaining specifically how she was harmed by this approach. Accordingly, I find no error.

Plaintiff also argues, *inter alia*, that the ALJ failed to adequately assess her mental limitations when formulating the RFC. (Doc. No. 5 at 21-26.) Plaintiff's argument is misplaced. As the Commissioner points out in his Brief, the ALJ's Step Two "paragraph B" findings are distinct from the Step Four RFC findings. So, contrary to Plaintiff's argument, the ALJ was not required to include mental limitations in his RFC determination based upon his "paragraph B" findings. As the United States Court of Appeals for the Eighth Circuit has said, "As a practical matter, however, the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized. *See Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ('Each step in the disability determination entails a separate analysis and legal standard.')"

*Chismarich v. Berryhill,* 888 F.3d 978, 980 (8th Cir. 2018).

I have carefully considered Plaintiff's additional arguments and find them to be without merit. (Doc. No. 5 at 7-20) It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE